**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STACIA THOMPSON, | CIVIL ACTION NO. 05-314 (MLC) |
| Plaintiff, |  |
| v. | **MEMORANDUM OPINION** |
| PRINCETON UNIVERSITY, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

This matter comes before the Court on defendant Princeton University's ("Princeton") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and plaintiff Stacia Thompson's ("Thompson") cross motion for discovery pursuant to Rule 26(b) and for leave to amend the complaint pursuant to Rule 15. For the reasons stated in this memorandum opinion, the Court will deny Princeton's motion without prejudice and grant in part and deny in part Thompson's cross motion.

## BACKGROUND

### I. Factual Background

Thompson was an undergraduate student at Princeton. (Compl., at 2.)  On January 24, 2003, Thompson went to the student health center because she felt nauseous, weak, and dizzy. (Id.)  A health center physician gave Thompson medication and placed her in a bed.  (Id.)  Thompson fell asleep shortly thereafter.  (Id.)  Later she awoke and went to the bathroom unsupervised by staff personnel, despite her condition of dizziness and weakness.  (Id.)  She passed out while standing in the bathroom, and sustained injuries to her tongue, lip, chin, teeth, and jaw.  (Id.)

### II. Procedural History

Thompson filed the complaint on January 18, 2005.  The complaint alleges negligence against Princeton, John Does (1-5) and ABC Corporations (1-5).  Specifically, Thompson alleges that Princeton and "its agents, servants, employees and contractors failed to provide proper assistance, care and supervision to [Thompson] in her weakened and dizzy condition, and allowed her to walk unsupervised, resulting in [her] fall and injuries." (Compl., at 2.)

Princeton moved to dismiss on March 28, 2005.  Thompson cross-moved for discovery and leave to amend the complaint on April 22, 2005.

**DISCUSSION**

I. **Princeton's Motion to Dismiss**

Princeton moves to dismiss the complaint on the ground that the New Jersey Charitable Immunity Act, N.J.S.A. § 2A:53A-7 et seq., bars Thompson's claims. (Def. Br., at 2.)

   A. **Standard of Review for a Rule 12(b)(6) Motion**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). On a motion to dismiss we must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). "Dismissal of claims under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim upon which relief may be granted." Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002).

The Court, when considering a Rule 12(b)(6) motion to dismiss, generally considers only the allegations in the complaint, exhibits attached to the complaint, and matters of public record. Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999). We generally may not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). We may, however,

consider all documents that are integral to or explicitly relied upon in the complaint. Id. (quotations and citation omitted.)

### B. The New Jersey Charitable Immunity Act

The New Jersey Charitable Immunity Act ("the Act"), N.J.S.A § 2A:53A-7 et seq., protects nonprofit groups from negligence claims:

> No nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes or its trustees, directors, officers, employees, agents, servants or volunteers shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association.

N.J.S.A. § 2A:53A-7(a).

> An entity qualifies for immunity under the Act if it
>
> (1) was formed for non-profit purposes; (2) is organized exclusively for religious, charitable or educational purposes; and (3) was promoting such objectives and purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works.

Hamel v. State, 728 A.2d 264, 267 (N.J. App. Div. 1999). Thompson does not dispute Princeton's assertion that it is an educational institution within the meaning of the Act. (See Pl. Br. at 7-8.) See also Lax v. Princeton U., 779 A.2d 449, 452 (N.J. App. Div. 2001) (finding that Princeton is entitled to immunity under the Act).

4

The Act, however, exempts certain types of organizations. "[A]ny nonprofit corporation, society or association organized exclusively for hospital purposes shall be liable to respond in damages to such beneficiary who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants." N.J.S.A. § 2A:53A-8.  Similarly, the Act does not grant immunity to a health care provider who is a compensated employee, agent, or servant of the non-profit entity. N.J.S.A. § 2A:53A-7(a).  Furthermore, an independent contractor of a nonprofit entity does not enjoy immunity status.  N.J.S.A. § 2A:53A-7(c).

Thompson argues that the corporate relationship between Princeton and the health center is uncertain and dismissal would be premature.  (Pl. Br., at 3.)  Depending upon the relationship between the health center and Princeton, she argues, one of the exceptions to the grant of immunity may apply.  (Id.)  The health center, according to Thompson, could be an independent contractor or a separate corporate entity organized exclusively for hospital purposes and thus not immune under the Act.  (Id.)  Princeton argues that the health center is an integral part of the university, and qualifies for immunity as such.  (Def. Reply Br., at 2.)  In support of its argument, Princeton refers to the

University bylaws and information from Princeton's web site.[1] (Id.)  Documentation such as the bylaws and web site is evidence outside the pleadings, and the Court will not consider such documentation on this motion to dismiss.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426.

The Court finds that the relationship between the health center and Princeton is presently unclear.  We will allow limited discovery regarding the status of the health center and Princeton's potential immunity, and will deny the motion to dismiss without prejudice.

## II.   Thompson's Cross Motion

### A.   Leave to Amend

Thompson moves for leave to amend the complaint to name as defendants presently unidentified "individual employees, corporations, or partnerships related to [Princeton's] health center."  (Cross Mot.; Pl. Br., at 13-18.)  Thompson seeks to name as defendants unidentified persons who were at the health center at the time of her injuries .  (Pl. Br., at 15.)  Thompson argues that her cross motion for leave to amend the complaint

---

[1] Princeton also cites Stamy v. Princeton U., No. 90-718, slip op. (D.N.J. Mar. 13, 1991) for support.  The Stamy court found Princeton's health center to be a part of the University and Princeton to be immune under the Act.  However, as Thompson points out, the holding in that case is over fourteen years old and the relationship may have changed since.  (Pl. Br., at 4.)

6

should be granted because she satisfied the requirements of the fictitious parties rule, N.J.R. 4:26-4.  (Id. at 13-18.)

Rule 15(c)(1) permits an amendment of a complaint to relate back to the date of the original pleading if relation back is allowed by the law that provides the statute of limitations for the action.  See Fed.R.Civ.P 15(c)(1).  There is a two year statute of limitations in New Jersey for personal injury tort actions.  N.J.S.A. § 2A:14-2.  See also Derienzo v. Harvard Indus., Inc., 357 F.3d 348, 353 (3d Cir. 2004).  The statute of limitations may be tolled if the plaintiff invokes the New Jersey fictitious party rule before the expiration of the statute of limitations.  See N.J.R. 4:26-4; Derienzo, 357 F.3d at 353; Mears v. Sandoz Pharm., Inc., 693 A.2d 558, 561 (N.J. App. Div. 1997).  If the plaintiff does not know the true name of a defendant at the time the complaint is filed, the plaintiff is permitted to issue process against the defendant under a fictitious name, adding an appropriate description sufficient for identification, and may move to amend the complaint at a later date when the true identity is discovered.  N.J.R. 4:26-4.  The plaintiff may invoke the rule if (1) the true identity of the defendant is unknown; (2) the plaintiff thereafter has diligently pursued the investigation to obtain information regarding the defendant's identity; and (3) the defendant would not be prejudiced by being named in the complaint.  Derienzo, 357 F.3d at 353-54.

Thompson, according to Princeton, should not be allowed to amend the complaint because she did not diligently pursue the true identities of the health center's personnel. (Id. at 7.) Specifically, Princeton argues, Thompson could have obtained her medical records to discover names of employees; because she did not pursue this route, she did not exercise due diligence. (Id., at 8-9.) Thompson, however, asserts that (1) it would have been futile to request information from Princeton regarding such employees before she filed the complaint, and (2) her counsel, after filing the complaint, made multiple telephone calls to Princeton's counsel, who declined to reveal the employees' identities based in part on Princeton's belief that the employees were immune under the Act. (Pl. Br., at 11-12.)

The Court finds it would be premature to consider Thompson's motion to the extent that it seeks to amend the complaint. New Jersey Rule 4:26-4 provides that a plaintiff may move to amend a pleading when the true identity of the fictitiously-named defendant is discovered. As Thompson's papers make clear, she has not discovered the identities of the parties she seeks to add as defendants. Without knowing precisely who Thompson seeks to add as defendants and what steps have led her to discover their identities, the Court cannot consider (1) whether Thompson showed the requisite diligence or (2) whether the potential defendants would be prejudiced by being named in the complaint. The Court,

therefore, will deny without prejudice Thompson's motion to the extent it seeks leave to amend the complaint. Thompson may move to amend once she has discovered the true identities of the persons she seeks to add as defendants, and the Court will consider whether to grant such motion at that time. Meanwhile, the Court will allow limited discovery regarding information about individual employees, corporations, or partnerships present at the health center at the time of Thompson's injuries.

### B. Discovery

Rule 26(b) provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including . . . the identity and locations of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

The Court, for the reasons stated supra, will grant Thompson's cross motion to the extent that it seeks limited discovery regarding (1) the relationship between Princeton and the health center, as such information relates to Princeton's potential immunity from liability under the Act, and (2) the individual employees, corporations, or partnerships present at the health center at the time of Thompson's injuries, as such information relates to the fictitious defendants currently named in the complaint.

**CONCLUSION**

The Court will deny Princeton's motion to dismiss without prejudice, and grant in part and deny in part Thompson's cross motion for limited discovery and leave to amend the pleadings. The Court will issue an appropriate order.

                                           s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge